## HUBBERT v. HAAG.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—RECORD.

Where record filed includes many pages of colloquy between court and counsel without pleadings or proofs, Supreme Court will not consider objection raised for the first time on appeal that the decision was not based on testimony received in open court.

2. LANDLORD AND TENANT—OFFICE OF PRICE ADMINISTRATION—INSTRUCTIONS.

Instructions printed in certain departmental forms of office of price administration for use by landlords, which are not shown to be regulations adopted by authority of the act of congress, may not be relied on by the lessee in summary proceedings by lessor (56 Stat. at L. 23, as amended).

3. SAME—CONSTRUCTION OF RENT REGULATION.

Rent regulation promulgated by the office of price administration, which is not plain and unambiguous but is admittedly capable of more than one interpretation, is construed pursuant to construction placed upon it by that office in the absence of other clarification (Rent Regulation, § 1 [b] [4]).

4. SAME—RENT REGULATIONS—EVICTION PROCEEDINGS.

Where office of price administration's rent attorney construed rent regulation inapplicable to premises consisting of 4 houses leased to defendant under 1 lease, having a common caretaker and janitor, but having a total of 61 rooms subleased to 35 tenants, lessor was not required to comply with rent regulations before commencing proceedings to evict tenant after termination of written lease (Rent Regulation, § 1 [b] [4]).

Appeal from Wayne; Neuenfelt (Lila M.), J. Submitted June 13, 1945. (Docket No. 57, Calendar No. 43,087.) Decided October 8, 1945.

Summary proceedings by Helen O. Hubbert against John T. Haag before circuit court commissioner to obtain possession of land. Appeal to circuit court. Judgment for plaintiff. Defendant appeals. Affirmed.

*Lucking, Van Auken, Schumann & Greiner (Fred J. Schumann, of counsel), for plaintiff.*

*Ira F. Morgan, for defendant.*

Boyles, J. This is an appeal from a judgment entered in the circuit court for Wayne county, on trial without a jury, finding the defendant guilty of unlawfully withholding possession of certain premises from the plaintiff and granting the plaintiff a writ of restitution therefor. The defendant claims that the plaintiff has no standing in court, not having complied with Federal rent regulations promulgated by the office of price administration (OPA). Plaintiff admits noncompliance and counters with the claim that under the facts adduced he is exempt from compliance by certain provisions of the regulations.

The record before us includes about 40 pages of colloquy between the court and counsel without pleadings or proofs from which we glean the facts. This method of trial seems to have been satisfactory to the court and counsel and we will not now consider objections here raised for the first time that the decision was not based on testimony received in open court.

Plaintiff owns the property in question and in June, 1940, leased the same to the defendant for four years by a written lease. The property consists of four separate residence buildings located on one parcel of land, under one management and having one janitor, but having separate public services such as sewers, garbage, storage and heating apparatus. The four buildings are used as rooming houses, none of which was occupied by the defendant. The number of rooms and tenants in each of the four buildings is as follows:

| | | |
|---|---|---|
| 3409 Second boulevard | 32 rooms | 14 tenants |
| 3421 Second boulevard | 9 rooms | 6 tenants |
| 3429 Second boulevard | 10 rooms | 7 tenants |
| 3435 Second boulevard | 10 rooms | 8 tenants |
| Total ...... | 61 rooms | 35 tenants |

Section 1 (b) (4) of the regulations promulgated by the rent control division of the office of price administration, under which plaintiff claims these premises are exempt from the regulations, is as follows:

"Provided that this regulation does apply to entire structures or premises wherein twenty-five or less rooms are rented or offered for rent by any lessee, sublessee or other tenant of such entire structure or premises, whether or not used by the lessee, sublessee or other tenant as a hotel or rooming house."

Decision hinges on the interpretation of the aforesaid regulation promulgated by the rent control division. Plaintiff claims that in any event the building at 3409 Second boulevard is exempt, because it has more than 25 rooms rented or offered for rent; and that all four buildings or structures constitute the same "premises" and that therefore all are exempt. Counsel for defendant says that "rooms" means "rental units," and that plaintiff, not having originally registered under the OPA regulations, cannot claim any benefit from later changes in the regulations. Defendant also relies on instructions printed in certain departmental forms for use by landlords but the record fails to show that these "instructions" rise to the dignity of regulations adopted by authority of the act of Congress.

In substance, the price control act (56 Stat. at L. 23, as amended [50 USCA, Appendix, § 901 *et seq.*]) provides that every landlord of housing accommo-

dations rented or offered for rent is required to file certain information with the office of the administrator of the act, and give notice to the agency before evicting a tenant. About two months before the instant proceeding was started before a circuit court commissioner to recover possession of these premises, counsel for plaintiff wrote the office of price administration, rent control division, in Detroit, giving a statement of the facts and circumstances and requesting a ruling as to whether all of the four buildings or structures here under consideration were exempt from the rental regulations. The ruling of the rent control division was received in writing, in reply, and was admitted in evidence in this proceeding without objection. It follows:

"OFFICE OF PRICE ADMINISTRATION
    "Detroit Area Rent Office
        "600 Griswold Street
        "Detroit 26, Michigan
                    "May 24, 1944
"Lucking, Van Auken, Schumann & Greiner
"Attorneys at Law
"1603 Ford Building
"Detroit 26, Michigan
"Attention: Mr. Fred J. Schumann

"*Dear Sirs:*

"Re: 3409–3421–3429–3435 Second Blvd., Detroit
"This will acknowledge receipt of your letter of the 21st inst., wherein you request us for advice as to the application of the regulations to the following facts:

"Helen O. Hubbert is the lessor and John T. Haag is the lessee of the above described housing accommodations. The lease is dated June 13, 1940, and expires on June 13, 1944. The property was leased for rooming-house purposes and consists of four separate houses. The number of rooms in each of said houses is as follows:

3409 Second boulevard     32 rooms
3421 Second boulevard      9 rooms
3429 Second boulevard     10 rooms
3435 Second boulevard     10 rooms

"Of the rooms at 3409 Second boulevard one is used by the caretaker, one by the janitor and the remaining 30 are rented or offered for rent by the lessee.

"For many years last past the property has been rented and operated as one unit with common management and common service. The four houses have one caretaker and one janitor; garbage and rubbish receptacles are located in one portion of the premises for all of the houses.

"You have referred our attention to section 1 (b) (4) of the regulations which *inter alia* provides that the rent regulation does not apply to the following:

" 'Entire structures or premises wherein more than 25 rooms are rented or offered for rent by any lessee, sublessee or other tenant of such entire structure or premises:'

"You have requested us for advice as to whether the exemption, applicable to the structure at 3409 Second boulevard, would extend to the houses situated at 3421–3429 and 3435 Second boulevard, in view of the landlord's rental practice of leasing the four houses as a single rental unit, common management, et cetera.

"On the basis of the aforesaid it appears that the four buildings are operated as a single enterprise and that they therefore are within the scope of the exemption provided for by section 1 (b) (4) of the regulations.

"All of the rooms in all four structures, subrented by the lessee, are within the scope of the regulations.

"Yours very truly,
"Office of Price Administration
"REYMONT PAUL
"Area Chief Rent Attorney

"RP: jmm
"Copy to John T. Haag."

Regulation § 1 (b) (4) is not plain and unambiguous and admittedly it is capable of more than one interpretation. The construction placed on the exemption by the office of price administration, while not controlling here, will be given consideration and full credit in the absence of other clarification. Plaintiff, relying on it, started the instant proceeding without compliance with the regulations. The judgment is affirmed, with costs to appellee.

STARR, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, and REID, JJ., concurred. The late Justice WIEST took no part in the decision of this case.